1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 DAVID E. MARTINEZ and TANYA<br>SALAS on behalf of themselves and all<br>11 others similarly situated,<br>12<br>   Plaintiffs,<br>13 v.<br>14 AGODA COMPANY PTE. LTD, a<br>15 Singapore Private Limited Liability<br>Company; AGODA INTERNATIONAL<br>16 USA, LLC, a Delaware Limited Liability<br>Company; BOOKING HOLDINGS, INC.<br>17 a Delaware Corporation,<br>18<br>   Defendants.<br>19 | Case No.:  3:20-cv-01289-JAH-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT<br>BOOKING HOLDINGS, INC.'S<br>MOTION TO DISMISS;**<br><br>**(2) GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION TO COMPEL<br>ARBITRATION.**<br><br>**(ECF Nos. 21, 24)** |

20

21                       **INTRODUCTION**

22        Pending before the Court is Defendants Agoda Company Pte. Ltd. and Agoda

23   International USA, LLC's, (together "Agoda Defendants") joined by Defendant Booking

24   Holdings, Inc., (cumulatively, "Defendants") Motion to Compel Arbitration, (ECF No. 21),

25   and Defendant Booking Holdings, Inc.'s ("Booking Holdings") Motion to Dismiss, (ECF

26   No. 24).   Plaintiffs David E. Martinez and Tanya Salas (together, "Plaintiffs") filed

27   identical responses to the respective motions, (ECF Nos. 30, 31), and the Agoda

28   Defendants and Booking Holdings each filed replies, (ECF Nos. 32, 33).   Upon

1

1  consideration of the motions, responses, and the relevant law, IT IS HEREBY ORDERED

2  Booking Holdings' Motion to Dismiss is **GRANTED**, and Defendants' Motion to Compel

3  Arbitration is **GRANTED in part and DENIED in part**.

4  <u>**BACKGROUND**</u>

5       Plaintiffs filed this case in the Superior Court of the State of California for the

6  County of San Diego. ("Notice of Removal", ECF No. 1 at 2). Booking Holdings removed

7  the case to this Court on July 9, 2020. (*Id.*) Plaintiffs filed their First Amended Complaint

8  on August 17, 2020, against Agoda Defendants and did not name Booking Holdings as a

9  defendant. (*See* "First Amended Compl", ECF No. 8). After the Court ordered Plaintiffs

10  to file an amended complaint on January 15, 2022, for want of prosecution, Plaintiffs filed

11  their Second Amended Complaint against Agoda Defendants, re-added Booking Holdings

12  as a defendant, and added Tanya Salas as a Plaintiff. (*See* "Second Amended Compl", ECF

13  No. 13). Plaintiffs bring six claims against Defendants for: (1) violation of the unfair

14  competition law, pursuant to Business & Professions Code § 17200; (2) violation of the

15  false advertising law, pursuant to Business & Professions Code § 17500; (3) violation of

16  Business & Professions Code § 17501; (4) breach of contract; (5) breach of express

17  warranty; and, (6) unjust enrichment under a quasi-contract theory. (*Id.*) Plaintiffs claim

18  Defendants misrepresented the original prices of hotel rooms to create the illusion of

19  savings when a discount was offered. (Second Amended Compl. at ¶¶ 23-26).

20  Additionally, Plaintiffs claim Defendants falsely and routinely advertised limited rooms

21  available to incentivize a sale when, in fact, more rooms were available at the advertised

22  price than represented in the listing. (*Id.* at ¶¶ 32, 33). Plaintiffs claim these business

23  practices wrongfully deceived customers and will continue to do so unless addressed by

24  the Court. (*Id.* at ¶ 35). Agoda Defendants filed Motion to Compel Arbitration, ("Mot. to

25  Compel Arbit", ECF No. 21), Booking Holdings joined the motion. ("Mot. to Dismiss",

26  ///

27  ///

28  ///

ECF No. 24).[1]   Booking Holdings also filed Motion to Dismiss for lack of personal jurisdiction.  (*Id.*)

**DISCUSSION**

## I.   BOOKING HOLDINGS' MOTION TO DISMISS

Defendants seek to compel Plaintiffs to submit their claims to the American Arbitration Association ("AAA"), pursuant to Plaintiffs' agreement to arbitrate all disputes or claims arising out of or in relation to their relationship with Defendants.  ("Memo. of Points and Auth. in Support of Mot. to Compel Arbit", ECF 21-1 at 6).  On June 8, 2022, Plaintiffs filed a "Limited Opposition" to Defendants Motion to Compel Arbitration. ("Resp. to Mot. to Compel Arbit.", ECF No. 30).  Plaintiffs filed an identical response to Booking Holdings Motion to Dismiss.  ("Resp. to Mot. to Dismiss", ECF No. 31). Plaintiffs agree to have their claims against all Defendants, "heard in arbitration before the AAA per the AAA's Consumer Arbitration Rules[.]"  (Resp. to Mot. to Compel Arbit. at 2; Resp. to Mot. to Dismiss at 2).[2]   However, Plaintiffs fail to substantively address Booking Holdings' Motion to Dismiss for lack of personal jurisdiction.  Plaintiffs assert Booking Holdings' Motion to Dismiss is moot because Plaintiffs agree to be bound by arbitration. (Resp. to Mot. to Dismiss at 2).  Booking Holdings contends the Court cannot compel it to arbitration without first establishing personal jurisdiction.  ("Reply to Resp. to Mot. to Dismiss", ECF No. 32 at 2).

### a.  Legal Standard for Federal Rule of Civil Procedure 12(b)(2)

In initial pleadings, plaintiffs must provide a "short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. Proc. 8(a)(1); *see FDIC v. British-Am.*

---

[1]   Booking Holdings' Motion to Dismiss and Notice of Joinder is contained in the same document. (ECF No. 24).

[2]   Plaintiffs' Response to Motion to Compel Arbitration (ECF No. 30) and Response to Motion to Dismiss (ECF No. 31) are identical in substance. Accordingly, while the same content is presented in both documents, the Court will cite only to the document corresponding to the motion currently being discussed for the remainder of this Order.

*Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987) (holding the plaintiff bears the burden of establishing the court has personal jurisdiction). However, defendants may move to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a defendant does so, the plaintiff has the burden of demonstrating personal jurisdiction exists. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). When a defendant's motion is based on "written materials … 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher*, 911 F.2d at 1361). Thus, courts look to the plaintiff's pleadings to identify jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800 (citing *Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir. 1995)). Uncontroverted allegations in the complaint are taken as true, and conflicts between parties over statements contained in affidavits are resolved in favor of the plaintiffs. *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).

When a defendant contests personal jurisdiction, the "plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. Because the burden of proving jurisdiction lies with the plaintiff, the court should find in favor of the defendant when the defendant's objection to personal jurisdiction is not contested. *See Khalji v. Davies*, No. 14-CV-00568-WHO, 2014 WL 6679360, at *1 (N.D. Cal. Nov. 24, 2014) (holding "because plaintiff [] does not contest the assertion that this Court lacks personal jurisdiction over [defendant]," the motion to dismiss is granted); *Odds on Recording Studios, Inc. v. BCD Music Grp., Inc.*, No. 2:10-CV-01754-RLH, 2011 WL 1098972, at *3 (D. Nev. Mar. 22, 2011).

### b. Analysis

District courts must have personal jurisdiction over the parties before compelling them to arbitrate. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *In re Boon Glob., Ltd*, 923 F.3d 643, 650 (9th Cir. 2019) (holding courts must have personal jurisdiction "over each individual third-party entity" before compelling

1   them to arbitrate).  Thus, the Court must determine whether Booking Holdings is subject

2   to its jurisdiction before the Court can order it to arbitration.

3   　　　Federal courts follow state law in determining jurisdiction in most cases.  *Daimler*

4   *AG v. Bauman*, 571 U.S. 117, 125 (2014).  Here, California's long-arm statute permits

5   jurisdiction to the full extent of the Constitution.  *Perry v. Brown*, 791 F.App'x 643, 645

6   (9th Cir. 2019) (citing *Schwarzenegger*, 374 F.3d at 800-01).  The Constitution and due

7   process require each party "have certain minimum contacts" with California such that

8   proceeding does not "offend 'traditional notions of fair play and substantial justice.'"  *Int'l*

9   *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S.

10   457, 463 (1940)).

11   　　　When examining the facts, plaintiffs bear the burden of "demonstrating that its

12   allegations establish a prima facie showing of personal jurisdiction."  *Freestream Aircraft*

13   *(Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Boschetto v.*

14   *Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)).   There are two forms of personal

15   jurisdiction: (1) general jurisdiction and (2) specific jurisdiction.  *Helicopteros Nacionales*

16   *de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-15 (1984).  The Court must examine both.

17   　　　　　　i.　　　*General Personal Jurisdiction*

18   　　　General jurisdiction over a foreign corporation requires that the corporation have

19   affiliations with the forum State that are "so 'continuous and systematic' as to render them

20   essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

21   564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).  A corporation may be

22   subject to general jurisdiction "only in the forum where the corporation is incorporated or

23   has its principal place of business, or in exceptional cases where the corporation's contacts

24   with the forum state are 'so constant and pervasive as to render [it] essentially at home.'"

25   *Daimler*, 571 U.S. at 122 (quoting *Goodyear*, 564 U.S. at 919).

26   　　　Here, Booking Holdings pleads it is a foreign corporation, incorporated in Delaware

27   with its principal place of business in Connecticut.  (Mot. to Dismiss at 6).  Plaintiff neither

28   disputes Booking Holdings' status as a foreign corporation, nor provides any response to

the question of personal jurisdiction. (*See* Resp. to Mot. to Dismiss).  Therefore, without

any evidence presented to the contrary, the Court finds Booking Holdings is not at home

in California.   As such, the Court lacks general personal jurisdiction over Booking

Holdings.

### ii.    *Specific Personal Jurisdiction*

The "minimum contacts" analysis for specific jurisdiction requires that a defendant's

"suit-related conduct" create a "substantial connection with the forum State." *Walden v.*

*Fiore*, 571 U.S. 277, 284 (2014).  Additionally, unilateral activity of a third party is not "an

appropriate consideration when determining whether a defendant has sufficient contacts

with a forum State." *Helicopteros*, 466 U.S. at 417.  To determine specific jurisdiction,

courts use a three-step minimum contacts test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Freestream Aircraft*, 905 F.3d at 603 (quoting *Schwarzenegger*, 374 F.3d at 802).

This Court finds that Plaintiffs fail to assert non-conclusory facts that demonstrate

Booking Holdings has sufficient minimum contacts with California.   (*See* Second

Amended Compl; Resp. to Mot. to Dismiss).  Plaintiffs further fail to distinguish the actions

of Booking Holdings from those of Agoda Defendants, stating "on information and belief"

that Booking Holdings and the other Defendants "jointly and commonly own, operate,

and/or manage the 'Agoda' brand, including the agoda.com website and the Agoda smart

device app and are responsible for the deceptive conduct described in th[e] complaint."

(Second Amended Compl. at ¶ 1).  This allegation is insufficient to withstand Booking

Holdings' challenge to personal jurisdiction. *See Shwarzenegger*, 374 F.3d at 800. Plaintiffs fail to distinguish how Booking Holdings' suit-related conduct had *any* connection with the forum State of California, nor do they assert Booking Holdings purposefully availed itself to the forum state. (*See* Resp. to Mot. to Dismiss). Further, Plaintiffs fail to contest Booking Holdings' assertions that it has no contacts with California. ("Memo. of Points and Auth. in Support of Mot. to Dismiss", ECF 24-1 at 15, 16). Given Plaintiffs' failure to respond to the personal jurisdiction issue, the Court finds Plaintiffs have failed to meet their burden. Accordingly, Booking Holdings' Motion to Dismiss is **GRANTED** for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.   AGODA DEFENDANTS' MOTION TO COMPEL ARBITRATION

As to Agoda Defendants' Motion to Compel Arbitration, Plaintiffs "agree to have all their claims, against all Defendants, heard in arbitration before the AAA per the AAA's Consumer Arbitration Rules[.]"  (Resp. to Mot. to Compel Arbit. at 2).  Moreover, Plaintiffs state "[t]his Honorable Court may issue an order reflecting this agreement, ordering the parties to arbitration[.]" (*Id.*)  The Court construes this language as a statement of non-opposition to an order compelling arbitration before the AAA. However, Plaintiffs request the Court stay the suit pending a resolution in arbitration, (Resp. to Mot. to Compel Arbit. at 2), and Agoda Defendants request the Court dismiss the suit. ("Reply to Resp. to Mot. to Compel Arbit", ECF No. 33 at 2). Additionally, Agoda Defendants claim the arbitrator should decide the issue of the enforceability of the class action waiver, (Memo. of Points and Auth. in Support of Mot. to Compel Arbit. at 15), and Plaintiffs agree. (Resp. to Mot. to Compel Arbit. at 3).

### a.      Validity of class action waiver is to be determined by the arbitrator

Arbitration agreements can delegate challenges to validity or applicability of an arbitration agreement to an arbitrator, if the delegation is "clea[r] and unmistakabl[e]." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ahlstrom v. DHI Mortgage Co.*, 21 F.4th 631, 634 (9th Cir. 2021) (holding the gateway issues of "validity and

arbitrability[] can be delegated to an arbitrator by agreement.").  Incorporating AAA rules constitutes "clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  Plaintiffs agree they are bound to arbitration in front of the AAA under the AAA's Consumer Arbitration Rules.  (Resp. to Mot. to Compel Arbit. at 2).  Moreover, Agoda's arbitration agreement explicitly incorporates the AAA Rules and Procedures, including the Consumer Arbitration Rules. (Ex. D, Mot. to Compel Arbit., ECF No. 21-6 at 12).

The Court finds the issue of whether Plaintiffs are to proceed as a class action or individual is for the arbitrator to decide.  *See Yahoo! Inc. v. Iverson*, 836 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011) (holding the incorporation of the AAA Rules constitutes a clear and unmistakable agreement to present the question of arbitrability of class-wide claims to the arbitrator); *Wilson v. Wells Fargo & Co.*, No. 20-CV-2307-DMS-WVG, 2021 WL 1853587, at *3 (S.D. Cal. May 10, 2021); *Marselian v. Wells Fargo & Co.*, No. 20-CV-03166-HSG, 2021 WL 198833, at *6 (N.D. Cal. Jan. 20, 2021); *Ramirez v. Elec. Arts Inc.*, No. 20-CV-05672-BLF, 2021 WL 843184, at *4 (N.D. Cal. Mar. 5, 2021) ("The issue presented here—whether the Arbitration Provision is unenforceable because it improperly limits the right to seek public injunctive relief—is clearly a matter regarding the validity of the Arbitration Provision. As such the Court finds that it is plainly delegated to an arbitrator ... to decide.").  Accordingly, the Court will not determine the validity of the class action waiver.

**b.      The matter should be stayed pending arbitration**

Circuit courts disagree whether they have discretion to "dismiss—rather than stay—the suit when it is clear that the entire controversy will be resolved by the arbitration proceedings."  § 2. Compelling arbitration, O'Connor's Federal Rules Civil Trials Ch. 7-E § 2 (2023 ed.).

///

///

///

1    Generally, when the court compels the parties to arbitration, the suit is stayed

2    pending a resolution.  *See* 9 U.S.C.A. § 3; *Green v. SuperShuttle Int'l*, 653 F.3d 766, 769

3    (8th Cir. 2011) (holding courts are generally required to stay a suit pending arbitration, but

4    a judicially created exception may allow courts to dismiss an action when "it is clear the

5    entire controversy between the parties will be resolved by arbitration.").  Some circuits

6    have held courts may dismiss an action when the controversy can be resolved by

7    arbitration.  *See Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir. 1998);

8    *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Conversely,

9    other circuits have found it is only proper such suits be stayed.  *See Katz v. Cellco Prtshp.*,

10   794 F.3d 341, 345-46 (2d Cir. 2015); *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir.

11   2004); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994).

12   The Ninth Circuit has yet to make a ruling on this issue, which gives this Court some

13   discretion.[3]  This Court notes, however, that 9 U.S.C.A. § 3 omits any affirmative language

14   granting courts discretion to dismiss a suit.  The text of the statute expressly states that

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23

24

25   [3]    The Ninth Circuit has held courts may grant a motion for summary judgment when
all claims are barred by an arbitration clause.  *Sparling v. Hoffman Const. Co.*, 864 F.2d
26   635, 638 (9th Cir. 1988) (citing *Martin Marietta Aluminum, Inc. v. General Electric Co.*,
27   586 F.2d 143 (9th Cir. 1978)).   However, it is unclear whether courts are given the same
discretion to dismiss a suit pending arbitration in the absence of a motion for summary
28   judgment.

courts "shall" stay the suit pending arbitration,[4] and is silent on the issue of dismissal. Here, the analysis and conclusion must adhere to the clear and plain meaning within the statute. Based on the plain language of 9 U.S.C.A. § 3, and silence from the Ninth Circuit as to whether an exception exists, the Court **GRANTS in part and DENIES in part** Agoda Defendants' Motion to Compel Arbitration and **STAYS** this suit pending resolution by arbitration proceedings.

**CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED:

      1.    Booking Holdings' Motion to Dismiss is **GRANTED**;

      2.    The Agoda Defendants' Motion to Compel Arbitration is **GRANTED in part and DENIED in part**;

      3.    Plaintiffs and the Agoda Defendants are ordered to commence arbitration proceedings and thereafter file a joint status report within (30) days of this order stating the Parties compliance with this Order.

      4.    This matter is **STAYED** pending the completion of arbitration;

---

[4]    9 U.S.C.A. § 3 provides,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action* until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

(emphasis added).

1

5.      The Parties are ordered to prosecute this action within sixty (60) days

2

of the resolution of the arbitration action.

3

**IT IS SO ORDERED.**

4

DATED:  February 27, 2023

5

_____

6

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28