UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MARTINEZ and TANYA SALAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AGODA COMPANY PTE. LTD, a Singapore Private Limited Liability Company; AGODA INTERNATIONAL USA, LLC, a Delaware Limited Liability Company; BOOKING HOLDINGS, INC. a Delaware Corporation,<br><br>Defendants. | Case No.:  3:20-cv-01289-JAH-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING UNOPPOSED MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT, [ECF No. 41];**<br><br>**(2) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL, [ECF No. 42].** |

Presently before the Court is Defendants Agoda Company Pte. Ltd. and Agoda International USA, LLC ("Agoda Defendants") unopposed Motion to Seal a Previously Filed Document, [ECF No. 41], and Motion to File Documents Under Seal, [ECF No. 42].

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).  The strong presumption in favor of access must be weighed against articulate and compelling reasons supported by specific factual findings to justify sealing of judicial records that are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099

1

(9th Cir. 2016). Records attached to nondispositive motions must meet a lower "good cause" standard set forth in Federal Rule of Civil Procedure 26(c) because such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179–80 (quotations omitted); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016) (finding that the right of public access is not limited to dispositive motions, as nondispositive motions may be directly related to the merits of a case). "If any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted version be filed rather than sealing entire documents." *Allegiant Travel Co. v. Kinzer*, No. 2:21-cv-01649-JAD-NJK, 2022 WL 2819734, *2 (D. Nev. July 19, 2022) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

### A. Motion to Seal a Previously Filed Document

Agoda Defendants seek an order sealing portions of Plaintiffs David Martinez and Tanya Salas' Notice of Ruling re: Partial Arbitration Award ("Notice") and the entirety of Plaintiffs' Exhibit 1[1] arguing the aforementioned documents are "subject to a confidentiality covenant between the Parties." (ECF No. at 41 at 2). The Motion is unopposed. Despite Defendants' arguments, a confidentiality covenant between the Parties does not alone demonstrate good cause. *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH, 2021 WL 4079208, *12 (N.D. Cal. Sep. 8, 2021) ("The fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document when put at issue in a public forum. If the court accepted petitioner's position that the mere existence of such a 'bargain' . . . provides the necessary justification, then the parties in any litigation could circumvent the right of public access through private agreement. That outcome is untenable."); *but see Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015

---

[1]   Attached to Exhibit 1 is an Arbitration Order entitled "Procedural Order #2 Ruling on Scope of Arbitration," issued by the Arbitrator, Hon. Louise A. LaMothe (Ret.).

WL 5915817, *2 (M.D. Fla. Oct. 8, 2015) ("Courts tend to honor parties' decisions to enter into confidential arbitration; thus, they keep those proceedings, including awards, confidential, particularly because: (1) parties often enter into them to maintain confidentiality; and (2) it promotes the voluntary execution of private arbitration agreements–a sound public policy objective."). However, because (1) Plaintiffs do not oppose Defendants' motion, and (2) the Agoda Defendants seek to seal nondispositive information that is not immediately related to the merits of the case based on the current procedural posture of the matter, the motion is **GRANTED**.

### B.  Motion to Seal

Agoda Defendants also seek an Order sealing portions of the Objection to Plaintiffs Notice of Ruling re: Partial Arbitration Award and paragraphs 4-13 of the Declaration of Teresa Michaud on the basis of a confidentiality covenant between the Parties. (ECF No. 42 at 2). Defendants represent that the information "discuss[es] the substance of the AAA Proceeding." (*Id.* at 3). However, a review of the Objection and the Michaud Declaration reveals the information Agoda seeks to seal is largely innocuous. Nonetheless, for the same reasons as stated above with respect to the Motion to Seal a Previously Filed Document, the Court **GRANTS** the Agoda Defendants' Motion to Seal.

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' Motion to Seal a Previously Filed Document is **GRANTED**. The Court retroactively seals Plaintiffs' Notice and Exhibit 1 thereto, filed at ECF Nos. 40 & 40-1. <u>Plaintiffs shall re-file a redacted public copy of the Notice that obscures the sealed portions within seven days of the date of this Order</u>. Exhibit 1 to the Notice (ECF No. 40-1) shall be sealed in its entirety. The previously filed version of the Notice (ECF No. 40) shall be maintained by the Court under seal.

//
//
//

2. Defendants' Motion to Seal, (ECF No. 42), is **GRANTED**.

**IT IS SO ORDERED.**

DATED: August 14, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE